IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leonard Rauch Hawthorne, #253799, ) | C/A No. 8:16-3162-BHH-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Edgefield County; Judge Brenda Black ) | |
| Carpenter; Chief Lamaz Robinson; Sheriff Adell ) | |
| Dobey; Roger LeDuc; Micheal W. Chesser, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Leonard Rauch Hawthorne ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at the Manning Correctional Institution. He files this action *in forma pauperis* under 28 U.S.C. § 1915. This case is subject to summary dismissal.

## **BACKGROUND**

Plaintiff filed an original Complaint only against Edgefield County. In response to this Court's Order to require Plaintiff to bring his case into proper form, Plaintiff completed the prisoner form for a civil action, and he named five additional defendants. The two documents now have been linked together as the Complaint. [*See* Doc. 1.]

In the instant action, Plaintiff is not complaining about the conditions at Manning Correctional Institution. Instead, he complains about the prison conditions at the Edgefield County Jail in Edgefield, South Carolina, where he spent time in detention. [Doc. 1.] And, he is suing about other matters unrelated to Manning Correctional Institution. [*Id.*]

Specifically, Plaintiff alleges the following facts. He is currently serving a sentence in SCDC due to a probation violation. [Doc. 1-2 at 5.] Edgefield County has brought charges against Plaintiff for burglary violent second degree, larceny / grand larceny, and conspiracy. [Doc. 1.] He seems to contend the Edgefield County court lacks subject matter jurisdiction over the charges; thus, the warrants should be abated. [*Id.*] He complains that his due process rights have been violated during the criminal proceedings pending against him. [*Id.*] Because the appropriate criminal procedures allegedly have not been followed, Plaintiff requests "notice to abate under authority of 28 U.S.C. § 1867(e)." [*Id.*] He alleges that he was not notified of a grand jury being seated in which he was the target of the investigation, and thus he did not have the opportunity to challenge the individuals seated on the grand jury. And, because of that, Plaintiff contends the state court lacks subject matter jurisdiction and this Court "should abate the Plaintiff's claims." [*Id.*]

Chief Lamaz Robinson gave false testimony to state magistrate judge Carpenter. [Doc. 1-2.] Judge Carpenter wrongfully sent his case to general sessions based on grand larceny value more than $2,000 but less than $10,000, because the incident report showed the value of the property was $1,327. [*Id.*] After Plaintiff wrote to Judge Carpenter to object to his case being sent to general sessions, the judge indicated that there was jurisdiction to send the case to general sessions. [*Id.*] The judge stated that Plaintiff should ask his lawyer about the true bill. [*Id.*] Plaintiff has written to the South Carolina Supreme Court about the issues, and it stated that all motions must be presented by Plaintiff's lawyer so he should contact his lawyer. [*Id.*] He has contacted his court-appointed lawyer, Micheal W. Chesser, but he has done nothing. [*Id.*] Mr. Chesser has not filed any motions that Plaintiff has requested nor tried to protect Plaintiff's constitutional rights. [Doc. 1-4.]

2

While Plaintiff was in the Edgefield County Jail, he contends that there was no law library, and he was told to contact his lawyer with legal questions. [Doc. 1-2, Doc. 1-4.] Plaintiff alleges the jail was hazardous due to no sprinkler system, "no fire proof mold everywhere." [Doc. 1-2.] Also, he alleges the jail should be condemned; there is "rusty pipe, rusty bed, go without ventilation for weeks to a month." [Doc. 1-4.] He alleges his "legal mail open before I received it." [*Id.*] He contends he reported the jail conditions to Sgt. Shouster, and he replied that the jail passed inspection. [*Id.*]

Plaintiff contends he suffered injury of "lost 20 pounds in 2 weeks mental stress and anguish. The doctor told me I had to eat." [Doc. 1-2.]

Based on those facts, Plaintiff contends the following rights were violated: Sixth amendment, cross examine witness / effective counsel / speedy trial / equal protection; Eighth Amendment cruel and unusual punishment; Fourteenth Amendment due process; Fifth Amendment indictment / life. [Doc. 1-2 at 4.]

For his relief, Plaintiff requests damages, and he wants all pending charges in Edgefield County against him dropped. [Doc. 1-2.]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff

3

is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere

conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

This action should be dismissed because it fails to allege facts upon which relief may be granted.  And, dismissal is appropriate based on abstention and immunity doctrines. Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact).  "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

Much of Plaintiff's case relates to his challenge to the pending state criminal charges against him in Edgefield County.  For example, he contends Chief Lamaz Robinson gave false testimony in order to present the charges against him; the charges should not be in

5

a general sessions court because the monetary amount is too small; and that his due process rights have been violated because he has not had appropriate hearings in state court. Plaintiff alleges he is represented by counsel in the state case, but the counsel, Micheal W. Chesser, has been ineffective for failing to protect Plaintiff's rights. Thus, Plaintiff contends all the charges should be dropped.

In other words, Plaintiff requests this Court to interfere with or enjoin the pending state criminal prosecution against him. However, because a federal court may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances, this Court should abstain from interfering with it. In *Younger v. Harris*, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. 37, 43-44 (1971); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) (explaining the circumstances when *Younger* abstention is appropriate).

From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Here, Plaintiff is involved in ongoing state criminal proceedings. The second

criterion has been addressed by the Supreme Court: "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Court also decided the third criterion in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).

This Court finds that Plaintiff should be able to raise his federal constitutional rights in the state proceedings, including his issues with his appointed attorney. Therefore, to the extent Plaintiff seeks to enjoin the pending state criminal proceedings against him, this Court should abstain from hearing this action.

Furthermore, Judge Brenda Black Carpenter should be dismissed based on judicial immunity. It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *see also Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (explaining that if a challenged judicial act was unauthorized by law, the judge still has immunity from a suit seeking damages). Whether an act is judicial or nonjudicial relates to the nature of the act, such as whether it is a function normally performed by a judge and whether the parties dealt with the judge in his judicial capacity. *Mireles*, 502 U.S. at 12. Immunity applies even when the judge's acts were in error, malicious, or in excess of his authority. *Id.* at 12–13. Immunity presents a threshold question. *See Harlow v. Fitzgerald*, 475 U.S. 800, 818

(1982). Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Plaintiff alleges that Judge Carpenter is a state magistrate judge who determined to send his case to general sessions court and failed to provide him with due process by giving him certain hearings. Plaintiff alleges that her actions were incorrect. Deciding the court's jurisdiction and whether to provide certain hearings are acts normally performed by a judge and are considered to be judicial acts. Thus, judicial immunity squarely applies, and Judge Brenda Black Carpenter should be dismissed from this action.

Plaintiff fails to allege a plausible § 1983 claim against his court-appointed attorney, Micheal W. Chesser, because the attorney did not act under color of law. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Vermont v. Brillon*, 556 U.S. 81, 91 (2009) (noting that a publicly assigned or privately retained counsel for a criminal defendant is not ordinarily considered a state actor); *Polk Cnty. v. Dodson*, 454 U.S. 312, 317–24 & nn. 8–16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 & nn. 2–3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney).

Plaintiff's claim based on an improper grand jury such that he is entitled to a notice of abatement pursuant to 28 U.S.C. § 1867 fails to state a cognizable claim. This statute applies to federal judiciary procedure, and if a person is accused of a federal crime, he may have certain rights under that statute. *See* 28 U.S.C. § 1867(e). Here, Plaintiff alleges he is charged with state crimes. Thus, he has no plausible claim pursuant to 28 U.S.C. § 1867.

Plaintiff's allegation that his constitutional right was violated because, during his time in the Edgefield County Jail, he could not access a law library fails to state a plausible § 1983 claim.  There is no Constitutional right to a law library or law books; the constitutional right is for meaningful access to the courts to bring challenges to sentences or conditions of confinement.  *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (allegation that a law library is inadequate may not be a constitutional violation if a prisoner has access to legal advice); *Giarratano v. Johnson*, 521 F.3d 298, 305 (4th Cir. 2008).  Also, it is well settled that to state a cognizable claim for denial of meaningful access to the courts a prisoner must allege specific actual injury resulting from the alleged denial.  *Lewis*, 518 U.S. at 349–53 (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being impeded).

In this case, Plaintiff had an attorney representing him, and he does not allege any specific facts as to how a pending non-frivolous legal case, or any other contemplated non-frivolous legal matter, was adversely affected due to his inability to access a law library.  Therefore, Plaintiff fails to state a claim on which relief may be granted.

Plaintiff's contention that, during his time in the Edgefield County Jail, his legal mail was opened before he received it also fails to state a plausible claim.  He alleges no injury from his mail being opened.  *See Lloyd v. Vincent*, C/A No. 4:03-1546-25BH, 2004 WL 3249250, at *4 (D.S.C. Sept. 10, 2004) (noting that to state a claim adverse consequences due to delay or nondelivery need to be alleged when legal mail is improperly opened), *aff'd*, 121 F. App'x 531 (4th Cir. 2005).

Plaintiff alleges the Edgefield County Jail should be condemned because the conditions are hazardous, and he seeks damages based on the alleged violation of his constitutional rights. Presumably, Plaintiff was a pretrial detainee at the time of the incidents at issue. Thus, "the analysis of his allegations are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, rather than under the Eighth Amendment." *Smalls v. Myers*, C/A No. 9:05-2995-GRA-GCK, 2006 WL 1454779 (D.S.C. May 24, 2006) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). "The due process rights of detainees are at least coextensive with the Eighth Amendment rights of convicted prisoners, and perhaps greater." *Id.*; *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473–74 (2015) (discussing that a pretrial detainee cannot be punished). "The limited length of a detainee's stay in a facility may be considered in determining the constitutionality of conditions or restrictions." *Smalls v. Myers*, C/A No. 9:05-2995-GRA-GCK, 2006 WL 1454779, at *6 (D.S.C. May 24, 2006). The test for determining whether a detainee's "conditions of confinement are unconstitutional rest upon whether the condition amounts to punishment." *Id.* at *5. And, a plaintiff must allege facts demonstrating the serious deprivation of a basic human need—extreme deprivations evidenced by serious or significant physical or emotional injury resulting from the challenged conditions or substantial risk of serious harm—(the objective prong), and deliberate indifference to the jail conditions by the defendant (the subjective prong)." *See Harris v. Connolly*, C/A No. 5:14-128-FDW, 2016 WL 676468, at *4 (W.D.N.C. Feb. 18, 2016).

Here, Plaintiff does not allege precisely how long he was detained in the county jail. He does allege that he lost 20 pounds in two weeks, so he was there at least two weeks. However, regardless of the length of time Plaintiff was detained, he fails to allege a

10

plausible claim because he does not allege any problems or injuries suffered as a result of the alleged hazardous conditions; thus, he does not plausibly allege the objective prong of an extreme deprivation of a basic human need. "To state a Section 1983 claim, a plaintiff must allege that he suffered specific injury as a result of the specific conduct of a defendant, and show an affirmative link between the injury and that conduct." *Id*. Specifically, Plaintiff asserts there was no sprinkler system, no fire proof, mold everywhere, rusty pipe, rusty bed, and improper ventilation. But, Plaintiff has not alleged any injury to himself based on any of those problems at the jail.[1] Therefore, he fails to allege a plausible claim that the jail conditions were unconstitutional.[2]

Finally, to the extent Plaintiff may be seeking release from custody [Doc. 1 at 7], release from prison is not available in this civil rights action.[3] *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973) (attacking the length of duration of confinement is within the core of habeas corpus).

---

[1] Plaintiff does allege that he lost 20 pounds in two weeks due to mental stress and anguish, and the doctor told him to eat. However, Plaintiff's claim of unconstitutional jail conditions is *not* related to malnutrition such as deprivation of food or insufficient calories. In other words, this alleged injury is not directly causally connected to the alleged jail problems.

[2] Moreover, "[t]he Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

[3] To the extent Plaintiff seeks to vacate a state conviction and sentence, that is more appropriate for a 28 U.S.C. § 2254 habeas action.

## **RECOMMENDATION**

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

November 17, 2016					S/Jacquelyn D. Austin
Greenville, South Carolina				United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>  Robin L. Blume, Clerk
>  United States District Court
>  300 East Washington Street, Room 239
>  Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).