IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leonard Rauch Hawthorne, #253799,   )<br>                                                            )<br>                        Plaintiff,           )<br>                                                            )     Civil Action No. 8:16-3162-BHH<br>v.                                                        )<br>                                                            )<br>Edgefield County; Judge Brenda Black )        **ORDER**<br>Carpenter; Chief Lamaz Robinson;     )<br>Sheriff Adell Dobey; Roger LeDuc;      )<br>Michael W. Chesser,                              )<br>                                                            )<br>                        Defendants.       )<br>_____) | |

This matter is before the Court upon Plaintiff's pro se complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate with the South Carolina Department of Corrections, and in his complaint he alleges various claims arising from the conditions of his confinement while he was detained at the Edgefield County Jail. He also alleges various claims regarding pending criminal charges he faces in Edgefield County.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations. On November 17, 2016, Magistrate Judge Jacquelyn D. Austin issued a report and recommendation ("Report") outlining Plaintiff's claims and recommending that the Court dismiss this action without prejudice and without issuance and service of process. Attached to the Report was a notice advising Plaintiff of the right to file specific, written objections to the Report within fourteen days of being served with a copy. Plaintiff filed objections on December 6, 2016, and the matter is ripe for review.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the record, including the Magistrate Judge's Report and Plaintiff's objections, the Court agrees with the Magistrate Judge that this case is subject to summary dismissal, and the Court finds Plaintiff's objections without merit. First of all, Plaintiff's objections do not specifically point to any legal or factual error in the Magistrate Judge's Report or specifically respond to any of the Magistrate Judge's conclusions; rather, Plaintiff's objections simply rehash his claims and ask for monetary relief. After review of Plaintiff's claims, however, the Court agrees with the Magistrate Judge that Plaintiff's complaint fails to state a claim pursuant to § 1983 for which relief may be granted. In addition, the Court agrees with the Magistrate Judge that dismissal is appropriate based on abstention and immunity doctrines.

Here, although the Court must liberally construe Plaintiff's pleadings, many of Plaintiff's claims raise issues related to pending state criminal charges. For example, Plaintiff contends that Chief Lamaz Robinson gave false testimony to present charges

against him; that the charges should not be in General Sessions because of the amount of money involved; and that his due process rights have been violated. Plaintiff also alleges that his counsel, Defendant Michael W. Chesser, has been ineffective, and he asserts that his state criminal charges should be dropped. As the Magistrate Judge noted, Plaintiff is effectively asking this Court to intervene in a pending state criminal matter, and the Court agrees with the Magistrate Judge that it is appropriate for the Court to abstain from doing so. *Younger v. Harris*, 401 U.S. 37, 43-44 (1971).

Next, the Court agrees with the Magistrate Judge that Judge Brenda Black Carpenter is entitled to absolute judicial immunity insofar as Plaintiff's claims against her relate to actions taken by her within her jurisdiction and in connection with her judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (noting that judicial immunity applies even when a judge is accused of acting maliciously and corruptly). Likewise, the Court agrees with the Magistrate Judge that Plaintiff has failed to state a plausible § 1983 claim against his court-appointed attorney, Defendant Michael W. Chesser, because an attorney–whether retained, court-appointed, or a public defender–does not act under color of state law and is therefore not amenable to suit pursuant to 42 U.S.C. § 1983. *See Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

With respect to Plaintiff's claim that he is entitled to a notice of abatement pursuant to 28 U.S.C. § 1867, the Court also agrees with the Magistrate Judge that Plaintiff has failed to state a plausible claim. Section 1867 applies to federal judiciary procedure and to a person accused of a federal crime. Here, Plaintiff is charged with a state crime and

3

thus has no cognizable claim pursuant to § 1867.

Finally, the Court agrees with the Magistrate Judge that Plaintiff has failed to state a cognizable § 1983 claim with respect to the alleged conditions of confinement at the Edgefield County Jail. First, there is no constitutional right to a law library or law books, and Plaintiff has not pleaded a claim for denial of meaningful access to courts insofar as Plaintiff has alleged no actual injury or adverse effect due to his inability to access a law library. Likewise, Plaintiff has alleged no actual injury resulting from his legal mail being opened. In addition, to the extent Plaintiff challenges the allegedly hazardous conditions at the jail–such as the lack of a sprinkler system, the presence of mold, and improper ventilation, Plaintiff also has not alleged any injury or constitutional violation based on those allegations. In fact, the only arguable injury alleged by Plaintiff is the loss of 20 pounds due to mental stress and anguish, but Plaintiff does not allege that he was deprived of food or given insufficient calories. In fact, he alleges that the doctor told him to eat. Thus, the Court ultimately agrees with the Magistrate Judge that this alleged injury is not causally connected to the challenged conditions or to any alleged serious deprivation of a basic human need.

In conclusion, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF No. 16) is adopted and incorporated herein; Plaintiff's objections (ECF No. 18) are overruled; and this action is dismissed without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

Greenville, South Carolina
December 14, 2016

4

5